UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL WELSH, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-519-JD-MGG |
| WOFFORD, | |
| Defendant. | |

OPINION AND ORDER

Michael Welsh, a prisoner without a lawyer, filed a complaint alleging he fell on the stairs because Officer Wofford did not follow prison policy. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Welsh alleges Officer Wofford was escorting him and three other inmates back to their cells after recreation on December 30, 2022. He alleges a prison policy required her to escort only one inmate at a time. He alleges he slipped on the stairs and fell. He speculates if she had followed policy, she might have caught him before he struck his face and fractured his sinus wall.

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "Essential to any section 1983 action is proof that a defendant violated a plaintiff's federal rights. The statute does not provide a remedy for abuses that do not violate federal law nor does it create substantive rights. *Jones v. Cummings*, 998 F.3d 782, 788 (7th Cir. 2021). "By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right." *Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009). Therefore, even if Officer Wofford violated a prison policy, that does not state a claim unless it also violated a federal constitutional right.

Prison conditions violate the Eighth Amendment if they pose a substantial risk of serious harm and prison officials are deliberately indifferent to the risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (quotation marks and citation omitted). The Eighth Amendment only protects prisoners from conditions that exceed "contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). To state a claim premised on failure to protect from dangerous conditions, an inmate must allege that a defendant knowingly disregarded an objectively serious risk to his health and safety. *See id*. at 837. "An objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency."

*Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). Here, one guard escorted Welsh and three other inmates from recreation back to their cells. It is unfortunate that he fell, but the one-to-four ratio of guard to inmates did not present such a grave risk that it offends contemporary standards of decency.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Such is the case here. As regrettable is it that Welsh fell and was injured, Officer Wofford did not violate the Eighth Amendment when she escorted him with three other inmates.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on July 12, 2023

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT